**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYNNETTE BERRY-GURULE,

      Petitioner - Appellant,

v.

PENNY LUCERO, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO

      Respondents - Appellees.

No. 99-2112
(D.C. No. 97-1156 MV/JHG)
(Dist. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **HENRY**, Circuit Judges.

Petitioner-Appellant Lynette Berry-Gurule ("Berry-Gurule") sought a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that her trial counsel was

ineffective and that for this reason her 1996 guilty plea in New Mexico state court

was involuntary and unintelligent. Adopting the findings of the magistrate judge,

the district court denied Berry-Gurule's motion for an evidentiary hearing and

petition for a writ of habeas corpus.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This court granted a certificate of appealability in this case on December 13, 1999 pursuant to 28 U.S.C. § 2253(c)(1), and we therefore have jurisdiction to hear this appeal. We AFFIRM the judgment of the district court.

## BACKGROUND

On October 17, 1995, Berry-Gurule was charged by indictment in New Mexico state court with: (1) five counts of child abuse;[1] (2) one count of trafficking cocaine; and (3) one count of tampering with evidence. On November 22, 1995, Berry-Gurule was further charged by indictment with: (1) five counts of fraudulent use of a credit card; (2) five counts of fraudulent signing of credit cards or sales slips; (3) one count of conspiracy to commit the fraudulent use of a credit card; and (4) one count of contributing to the delinquency of a minor, all in violation of New Mexico law. These cases were consolidated, and Berry-Gurule pled guilty, pursuant to a plea agreement, to: (1) two counts of child abuse; (2) one count of trafficking cocaine; and (3) two counts of fraudulent use of a credit card without consent of the cardholder. The state district court sentenced Berry-Gurule to eighteen years for first-degree child abuse; nine years for third-degree child abuse; three years for trafficking cocaine; and three years for the credit card fraud convictions. The court mitigated the eighteen-year sentence to fifteen years

---

[1]Berry-Gurule allowed her two-year-old son to ingest a non-fatal dose of crack cocaine and her eleven-month-old daughter to ingest a fatal dose. The cocaine was apparently accessible to the children in Berry-Gurule's home.

and concluded that the three-year sentence for trafficking cocaine would run consecutive to that sentence. The court further provided that the remaining sentences would all run concurrently to the child abuse and drug trafficking sentence, yielding a total prison sentence of eighteen years.

Berry-Gurule filed a state petition for a writ of habeas corpus on May 14, 1997. In the petition, she alleged that she was denied effective assistance of counsel because her trial counsel, Anthony Ayala, "failed to adequately counsel Petitioner on the consequences of her plea of guilty, and her plea was therefore not entered knowingly, voluntarily, and intelligently." The New Mexico district court denied Berry-Gurule's petition the same day in a conclusory order. The district judge who signed the order was W. John Brennan, the same judge who had received Berry-Gurule's plea and sentenced Berry-Gurule. The district court (again, Judge W. John Brennan) filed an amended order denying the petition on July 24, 1997. With respect to the ineffective assistance of counsel claim, the amended order stated:

> Petitioner's first issue states that she was denied effective assistance of counsel. She argues that counsel did not review the consequences of the plea and she was given the last page of the agreement and told to sign it. Petitioner entered into this plea on the record and stated to the court that she read and understood the terms of the plea. At the time of the plea Petitioner was represented by counsel and informed by the court of the rights she would be waiving by her acceptance of the plea agreement. There was no indication from Petitioner or counsel that the plea or its terms were not understood. Due to the serious nature of the charges and the length of the sentence the court spent additional time on the record, making

- 3 -

sure the plea was free and voluntary and that the Petitioner understood the consequences.

Berry-Gurule filed a petition for writ of certiorari with the New Mexico Supreme Court, and that court denied the petition on August 12, 1997.

Berry-Gurule filed her federal habeas petition on August 28, 1997. In her brief, she argued that she was denied her right to effective assistance of counsel, resulting in an involuntary and unintelligent guilty plea, when her attorney failed to investigate her case or to communicate with her regarding the charges filed against her, possible defenses to those charges, and the consequences of her guilty plea. The magistrate judge reviewing her petition recommended that the district court deny the petition, reasoning that Berry-Gurule had failed to make a showing under either prong of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Adopting the magistrate judge's findings, the district court denied the petition for writ of habeas corpus and the motion for an evidentiary hearing. Berry-Gurule appeals the judgment of the district court.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to Berry-Gurule's case because she filed her § 2254 petition after April 24, 1996. See Hooks v. Ward, 184 F.3d 1206, 1213 (10th Cir. 1999). The standard of review under AEDPA[2] is set forth at 28 U.S.C. § 2254(d)(1)-(2), which provides:

---

[2]Much of the parties' briefs are dedicated to a discussion of the meaning of
(continued...)

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In support of her appeal, Berry-Gurule alleges the following facts: (1) Ayala knew that Berry-Gurule had been traumatized by the death of her child and the injury of her other child; (2) Berry-Gurule told Ayala that she had seen a medical doctor regarding her stress and depression, and that she was taking anti-depressant and anti-psychotic medication; (3) Berry-Gurule went to Ayala's office three times in an attempt to discuss her case, but was told that he was too busy to meet with her; (4) when Ayala called to tell Berry-Gurule that he had received a plea offer that could result in an eighteen-year sentence, she told him that she did not want to accept the plea offer and that she was doing well in treatment; (5) in response to Berry-Gurule's statement that she did not want to accept the plea offer, Ayala told her that he might be able to get her probation; (6) at the end of the conversation, Ayala told Berry-Gurule to be in court the next day, and then

---

[2](...continued)
§ 2254(d)(1)-(2). (See Aple. Br. at 5-9; Aplt. Rep. Br. at 1-10.) Subsequent to the filing of the briefs in this case, the Supreme Court resolved this issue in Williams v. Taylor, –U.S.–, 120 S. Ct. 1495, 1518-23, –L. Ed. 2d– (2000).

- 5 -

hung up on her; (7) Berry-Gurule immediately went to her lawyer's office but was told he was unavailable; (8) at the courthouse the next day, Ayala showed her the last page of the plea agreement, told her to sign her name, and Berry-Gurule did so; (9) Ayala never reviewed the plea agreement with Berry-Gurule and she did not review it herself; (10) at the plea hearing, Berry-Gurule was afraid to tell the judge that she had not reviewed the plea document because she thought the judge would take away her work-release program; (11) Berry-Gurule would not have pled guilty if she had known of the mandatory minimum sentence and been given the opportunity to review the discovery materials in her case; (12) Berry-Gurule asked Ayala for copies of the discovery materials, but he never reviewed the discovery with her or gave her a copy; and (13) Ayala failed to investigate the case adequately as evidenced by the fact that he received a copy of the discovery materials (including 136 pages of police reports and medical reports) only six days before Berry-Gurule entered into the plea agreement.

Under AEDPA, this court's analysis begins with a determination of whether the habeas petitioner's claim was " adjudicated on the merits" by the state court. See Hooks, 184 F.3d at 1223. We do this because AEDPA's deferential standard of review only applies where there has been an adjudication on the merits by the state court. "In the absence of a state adjudication on the merits we believe we must apply the standard of review that predated the recent amendments to §

2254." Id. Berry-Gurule asserts that this court need not give deference to the state court's determination of the ineffective assistance of counsel claim pursuant to AEDPA because the state court did not decide Berry-Gurule's claim on its merits. We need not address this issue in order to resolve Berry-Gurule's claim of error, however. Even assuming that review of Berry-Gurule's claim under pre-AEDPA standards is appropriate in this case, Berry-Gurule is not entitled to habeas relief, because she has failed to allege facts sufficient to support her ineffective assistance of counsel claim.

A prisoner alleging ineffective assistance of counsel has the burden of demonstrating both deficient performance on the part of counsel and resulting prejudice. See Strickland , 466 U.S. at 687. The Supreme Court has held that this standard also applies in the    context of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d (1985) ("[T]he same two-part standard [set forth in Strickland] seems to us applicable to ineffective-assistance claims arising out of guilty pleas.").

We cannot grant Berry-Gurule habeas relief in this case because she has failed to meet the second part of the Strickland test by alleging facts that show prejudice. Relying on Hill, this court has explained that "in order to demonstrate prejudice, [a state habeas petitioner] . . . must show that, had he rejected the State's plea bargain, the outcome of the proceedings 'likely would have changed.'

Thus, we must determine whether it is likely that a jury would have acquitted . . . [the petitioner of the crime to which he pled guilty]." Miller v. Champion, 161 F.3d 1249, 1256-57 (10th Cir. 1998) (quoting Hill, 474 U.S. at 59); see also Braun v. Ward, 190 F.3d 1181, 1188 (10th Cir. 1999) (reciting same test under AEDPA standard of review); United States v. Kane, No. 98-3241, 1999 WL 448818 (10th Cir. July 2, 1999) (unpublished) (applying test in § 2255 proceeding). Berry-Gurule did not allege facts before the district court or in her brief on appeal that would show that she did not abuse her children, that she did not traffic cocaine, or that she did not engage in credit card fraud. Moreover, the evidence in the record indicates that Berry-Gurule committed these crimes and that a jury therefore would not have acquitted her. Under oath, Berry-Gurule told the state district court judge during her plea hearing that she "neglected to pick up" her boyfriend's crack cocaine; that she was aware crack cocaine was in the house; and that she purchased $300 worth of goods using a credit card that did not belong to her and that she was not authorized to use. In addition, the record contains police reports showing that rock cocaine was located in the home and the backyard and that Berry-Gurule told the paramedics that her daughter had swallowed rat poison even though she knew that the girl had ingested cocaine.

The facts of Miller provide a helpful contrast to this case. In Miller, this court found that the habeas petitioner was entitled to an evidentiary hearing

because he had alleged facts in the petition which, if true, would have allowed a jury to find that the petitioner was guilty of a lesser offense than the offense to which he had pled guilty. See Miller, 161 F.3d at 1258-59. Unlike the petitioner in Miller, Berry-Gurule does not allege facts or present evidence to show that the outcome in her case had she gone to trial would have differed from the guilty plea.

In conclusion, because Berry-Gurule cannot show prejudice under Strickland, we conclude that the district court properly denied Berry-Gurule's motion for an evidentiary hearing and her petition for habeas relief. The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge